IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ZHAIRE N. DEKEYSER,** : | **CIVIL ACTION NO. 1:22-CV-587** |
| : | |
| **Petitioner** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **SUPERINTENDENT ESTOCK**, *et al.*, : | |
| : | |
| **Respondents** : | |

### MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2254, in which petitioner Zhaire N. DeKeyser challenges his 2016 conviction and sentence for first-degree murder, robbery, and conspiracy to commit robbery in the Dauphin County Court of Common Pleas. In accordance with United States v. Bendolph, 409 F.3d 155, 158 (3d Cir. 2005), we *sua sponte* raised the issue of timeliness and required DeKeyser to show cause as to why the case should not be dismissed as untimely. Upon consideration of the petition and DeKeyser's response to the order to show cause, we conclude that the petition is untimely and will dismiss it on that basis.

**I.     Factual Background & Procedural History**

The criminal charges against DeKeyser that form the basis of this habeas corpus case arise from the 2013 murder of Dailyl Jones in Harrisburg, Pennsylvania. Commonwealth v. DeKeyser, No. 675 MDA 2016, 2017 WL 587324, at *3 (Pa. Super. Ct. Feb. 14, 2017). DeKeyser and another man, George Brown, were both indicted and subsequently convicted for the murder. At the time of Jones's death, DeKeyser was under the age of 18. (See Doc. 1 at 6; Doc. 10 at 12).

DeKeyser was tried by a jury in the Dauphin County Court of Common Pleas on August 17, 2015. Commonwealth v. DeKeyser, 253 A.3d 269 (2021). During the trial, DeKeyser presented an alibi defense based on the testimony of his grandmother, Barbara McClure. Id. McClure testified that DeKeyser and her other grandchildren lived with her at the time of Jones's murder. Id. She testified that on the night of Jones's death, they were moving into a new home, and she remembered DeKeyser being there and unpacking boxes with his sister. Id. She also testified that it was snowing that day. Id. On cross-examination, however, government counsel showed McClure a photo of the crime scene from Jones's murder, and McClure agreed with counsel that there was no snow on the ground in the picture. Id. She then conceded that she and counsel could not be referring to the same day. Id. At the conclusion of the jury trial, the jury deadlocked and the court declared a mistrial due to a hung jury. Id.

The Commonwealth retried DeKeyser in January 2016. Id. DeKeyser did not present the testimony of any alibi witnesses during the second trial. At the conclusion of the second trial, DeKeyser was convicted of first-degree murder, robbery, and conspiracy to commit robbery on January 15, 2016. DeKeyser, 2017 WL 587324, at *3. The court sentenced DeKeyser on March 22, 2016 to life imprisonment without the possibility of parole. DeKeyser, 2017 WL 587324, at *3. DeKeyser appealed to the Pennsylvania Superior Court, arguing, *inter alia*, that the Court of Common Pleas erred and abused its discretion by sentencing DeKeyser to life without the possibility of parole as a minor without properly considering the factors set forth in 18 Pa.C.S. § 1102.1. Id. The Superior Court affirmed the

judgment of sentence on February 14, 2017. Id. at 6. DeKeyser did not appeal to the Pennsylvania Supreme Court. (Doc. 1 at 3).

DeKeyser filed a petition for state collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") on March 15, 2018, arguing that his trial counsel was ineffective for failing to present the testimony of two alibi witnesses, McClure and DeKeyser's sister, Zakiyyah DeKeyser, both of whom would have testified that DeKeyser was with them on the night of Jones's death. DeKeyser, 253 A.3d at 269. The Court of Common Pleas denied the PCRA petition, and DeKeyser appealed to the Superior Court, which affirmed the denial on April 9, 2021. Id. DeKeyser filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which the court denied on March 7, 2022. Commonwealth v. DeKeyser, 273 A.3d 988 (Pa. 2022).

DeKeyser filed the instant petition for writ of habeas corpus under 28 U.S.C. § 2254 on April 18, 2022, and the court received and docketed the petition on April 21, 2022. (Doc. 1). Dekeyser raises three claims for habeas corpus relief: (1) that the trial court violated his rights under the Eighth Amendment by failing to conduct an appropriate analysis under Miller v. Alabama, 567 U.S. 460 (2012) before sentencing him to life without the possibility of parole; (2) that trial counsel was ineffective for failing to call alibi witnesses; and (3) that trial counsel was ineffective by failing to conduct a pre-trial investigation to interview potential rebuttal witnesses. (Doc. 1). DeKeyser additionally moved for leave to file a supplemental memorandum of law in support of his petition. (Doc. 2).

On April 27, 2022, we issued an order under Bendolph, 409 F.3d at 155, requiring DeKeyser to show cause as to why the petition should not be dismissed as untimely. (Doc. 7). We deferred ruling on DeKeyser's motion for leave to file a supplemental brief pending his response with respect to the timeliness of the petition. (Id.) The court granted DeKeyser an extension of time to respond to the order, and DeKeyser timely responded on June 17, 2022. (Doc. 10). DeKeyser acknowledges that his petition is untimely, see Doc. 10 at 2, but he nonetheless argues that the court should consider his petition on its merits. The majority of DeKeyser's response addresses the merits of his habeas corpus claims, but we liberally construe three arguments as to why the untimeliness of his petition should be excused. First, DeKeyser appears to seek equitable tolling of the limitations period because his PCRA appellate counsel did not promptly inform him that the Pennsylvania Supreme Court had denied his petition for allowance of appeal. (Doc. 10 at 2, 16-17). Second, DeKeyser argues that the untimeliness should be excused because he is actually innocent of the crimes for which he was convicted. (Id. at 15-17). Third, DeKeyser argues that respondents have waived the timeliness of his petition by failing to raise it in response to his petition. (Id. at 17-18). We address DeKeyser's arguments below.

**II.     Legal Standard**

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

## III. Discussion

Petitions for writ of habeas corpus under 28 U.S.C. § 2254 are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. Id. § 2244(d)(2). The limitations period may also be tolled under the equitable tolling doctrine or the actual innocence exception, both of which must be established by petitioner. See id. at 418; McQuiggin v. Perkins, 569 U.S. 383, 386 (2013).

Under § 2244, DeKeyser had one year from the date his conviction became final to seek federal habeas corpus relief via 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1)(A).[1] DeKeyser's conviction became final on March 16, 2017, when the time for seeking a direct appeal to the Pennsylvania Supreme Court expired. See

---

[1] Section 2244(d)(1) provides for other triggering events of the one-year limitations period, but none apply here. See 28 U.S.C. § 2244(d)(1)(B)-(D).

5

Pa. R. App. P. 1113(a). Thus, absent tolling, DeKeyser needed to file his petition for writ of habeas corpus no later than March 16, 2018.

DeKeyser filed a timely PCRA petition on March 15, 2018, Commonwealth v. DeKeyser, 253 A.3d 269, 269 (Pa. Super. Ct. 2019), which statutorily tolled the limitations period for his federal habeas corpus petition. See 28 U.S.C. § 2244(d)(2). At that point, 364 days had elapsed towards the end of the limitations period. The statutory tolling period ended on March 7, 2022, when the Pennsylvania Supreme Court denied DeKeyser's petition for allowance of appeal in his PCRA proceeding. See DeKeyser, 273 A.3d at 988.

Because 364 days had already elapsed towards the end of the limitations period, DeKeyser was required to file his petition for writ of habeas corpus within one day of the Pennsylvania Supreme Court denying his petition for allowance of appeal, or no later than March 8, 2022. DeKeyser's petition, which was not filed until April 18, 2022, is facially untimely and is subject to dismissal unless he can show that the untimeliness should be excused or waived.

DeKeyser argues that the court should equitably toll the limitations period because his appellate counsel during PCRA proceedings did not promptly inform him that the Pennsylvania Supreme Court had denied his petition for allowance of appeal. (Doc. 10 at 2, 16-17). The Supreme Court denied DeKeyser's petition for allowance of appeal on March 7, 2022, but DeKeyser represents that his counsel did not inform him of the denial until they spoke via phone on March 29, 2022. (Id. at 2).

The equitable tolling doctrine allows a court to toll the one-year limitations period when the petitioner has been pursuing his rights diligently, but

6

extraordinary circumstances prevented him from timely filing his petition. Holland v. Florida, 560 U.S. 631, 649 (2010) (citing Pace v. Diguglielmo, 544 U.S. 408, 418 2005)). The petitioner bears the burden of showing that he is entitled to equitable tolling. Pace, 544 U.S. at 418.

We find that DeKeyser is not entitled to equitable tolling. Assuming, *arguendo*, that counsel failed to inform DeKeyser of the Supreme Court's decision until March 29, 2022, DeKeyser has not explained why he waited an additional twenty days after counsel provided this information to file his petition. The record of DeKeyser's state court proceedings shows that 364 days had already elapsed towards the end of the limitations period at the time DeKeyser's PCRA petition statutorily tolled the period. Given this information, DeKeyser could have diligently pursued his rights by filing a federal habeas corpus petition within one day of counsel informing him of the Supreme Court's decision. He failed to do so and has not explained that failure. Hence, we deny his request for equitable tolling.

DeKeyser next argues that we should excuse the untimeliness because he is actually innocent of the crimes for which he was convicted. The statute of limitations for habeas corpus petitions under Section 2254 may be excused if the petitioner makes an adequate showing of his actual innocence, but the petitioner bears a heavy burden to meet this exception and can only do so if he can show that no reasonable juror "would have voted to find him guilty beyond a reasonable doubt." See Satterfield v. Dist. Att'y of Philadelphia, 872 F.3d 152, 163 (3d Cir. 2017) (quoting McQuiggin, 569 U.S. at 386).

DeKeyser's actual innocence argument arises from his claim that trial counsel was ineffective for failing to call alibi witnesses. (Doc. 10 at 15). DeKeyser argues that his alibi witnesses, McClure and Zakiyyah DeKeyser, "would have testified that Petitioner was with them and not present at the scene of the murder." (Id.)

We find that DeKeyser has not met his burden to establish his actual innocence. Testimony from Zakiyyah DeKeyser during the PCRA evidentiary hearing indicates that she would have presented essentially the same alibi as that presented by McClure: that she, DeKeyser, and McClure were together on the night of Jones's murder, that they had recently moved into a new home, that she and DeKeyser were unpacking boxes, and that it was snowing that night. DeKeyser, 253 A.3d at 269. The Court of Common Pleas and the Superior Court considered whether DeKeyser's trial counsel was ineffective for failing to present the alibi testimony of McClure and Zakiyyah DeKeyser during DeKeyser's second trial and concluded that counsel was not ineffective for this failure given that cross-examination of McClure during DeKeyser's first trial established that McClure was actually recalling a *different* night as the night of Jones's murder. Id. As the Superior Court reasoned, DeKeyser's ineffective assistance of counsel argument "disregards the fact that [Zakiyyah DeKeyser] would have been subject to the same impeachment as [McClure], that they were mistaken as to the day in question." Id.

We agree with the Superior Court's conclusion that cross-examination of Zakiyyah DeKeyser or McClure would have discredited DeKeyser's alibi. Thus, presenting the testimony of Zakiyyah DeKeyser or McClure would not have

persuaded a reasonable juror to acquit DeKeyser, see Satterfield v. Dist. Att'y of Philadelphia, 872 F.3d 152, 163 (3d Cir. 2017), and DeKeyser therefore fails to establish his actual innocence sufficient to excuse the untimeliness of his petition.

Finally, DeKeyser argues that respondents have waived the timeliness of his petition by failing to raise it in response to his petition. (Id. at 17-18). This argument is without merit. Respondents have not been served with the petition because the court *sua sponte* raised the issue of timeliness in accordance with the procedures set forth by the Third Circuit in Bendolph, 409 F.3d at 155. (See Doc. 7).

In sum, DeKeyser's petition is untimely, and we reject his equitable tolling, actual innocence, and waiver arguments. We will dismiss his petition as untimely and deny as moot his motion for leave to file a supplemental memorandum in support of his petition.

## IV.     Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus with prejudice. A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:    June 30, 2022